**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| THEODORE S. HEINTZ,<br>Plaintiff,<br>v.<br>NMS NANA MANAGEMENT SERVICES, *et al.*,<br>Defendant. | 3:25-cv-00133-ACP<br>**ORDER ON MOTION TO DISMISS**<br>[Dkt. 20] |

## I. BACKGROUND

While proceeding pro se, Theodore Heintz filed a complaint against his employer, NMS Nana Management Services, and several former co-workers alleging "a prolonged pattern of a multitude of willful violations of Federal and State laws," including USERRA, VEVRAA, HIPAA, and OSHA. (Dkt. 1) Three of his former co-workers, Janus Reyes, Jesse Hausner, and Diane Decker (the "Individual Defendants") moved to dismiss the claims against them with prejudice. (*See* Dkt. 20, 27)

The Individual Defendants assert two grounds for dismissal. First, they assert the complaint violates Civil Rule 8 because it improperly lumped the defendants together and failed to distinguish which claims apply to which defendant. (Dkt. 21 at 4-6) Second, they argue that some of the cited laws do not create a valid cause of action against them. For example, they assert that a USERRA claim may only be brought against an employer, while VEVRAA, HIPAA, and OSHA do not provide a private cause of action at all. (*Id.* at 6-14)

After the Individual Defendants brought their motion to dismiss, Heintz retained counsel, who filed an opposition to the motion. (Dkt. 27) Heintz argued that his complaint should not be dismissed with prejudice, and he asked for an opportunity to "clarify the claims that matter: Plaintiff's USERRA claims against NMS as the employer, related retaliation and discrimination theories, and the wage claim arising from unpaid time, late final pay, and related employment benefits." (Dkt. 27 at 2-3)

Heintz attached a proposed amended complaint to the opposition filing. (Dkt. 27-1) The amendment is meant to show that he can cure the deficiencies of the original complaint by "identifying NMS as the primary employer-defendant and by pleading the USERRA and wage claims against NMS, while using the individual defendants' alleged conduct as factual support for NMS's knowledge, motive, agency, and retaliation," and removing the "theories that do not support standalone private claims." (*Id.* at 17, 19) The amended complaint only names NMS when discussing the underlying legal claims. (*See* Dkt. 27-1 at 8-14) But the Individual Defendants are still named as defendants in the caption, and the remedy section of the complaint seeks relief against them. (*See id.* at 1, 3-4, 14) While Heintz's request is not clear, he appears to seek leave to amend the complaint as an alternative to dismissal with prejudice.

In their reply brief, the Individual Defendants argue that Heintz "should not be granted leave to submit the proposed Amended Complaint as is," because it still fails to identify which claims apply to which defendants. (Dkt. 29 at 7-8) They also argue that some of Heintz's claims against them are futile, which precludes amendment, and that he waived any argument against dismissal by failing to address the substance of their

arguments. (*See id.* at 2-8) As the Individual Defendants point out, "Plaintiff does not argue against dismissal of the claims against the Individual Defendants; rather, he argues against dismissal with prejudice as to [NMS]." (*Id.* at 3)

## II. ANALYSIS

A party may amend their complaint once as a matter of course within 21 days after serving it or, because a complaint is a pleading to which a response is required, within 21 days after the response is served. Fed. R. Civ. P. 15(a). After that, the other party's consent or leave from the court is required. *Id.* 15(a)(2). While leave to amend should be granted freely, it is not granted automatically. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). A party must follow the proper procedure for seeking leave to amend, which includes filing a motion. *See* Fed. R. Civ. P. 7(b).

Heintz did not follow the correct procedure for seeking leave to file an amended complaint. Rather than file a motion seeking leave, Heintz attached a proposed complaint (that does not comply with Local Rule 15.1) to an opposition to a motion to dismiss. (*See* Dkt. 27-1) Because Heintz did not have a right to file the amended complaint and did not follow the procedure for seeking leave to do so, the proposed amended complaint is rejected. Thus, the original complaint is still operative.

As to the pending motion to dismiss the original complaint, Heintz did not address the arguments raised by the Individual Defendants. Those arguments appear to have some merit. *See e.g. Townsend v. Univ. of Alaska*, 543 F.3d 478, 485-87 (9th Cir. 2008) (no USERRA cause of action against an individual); *Barron v. Nightingale Roofing, Inc.*, 842 F.2d 20, 22 (1st Cir. 1988) (no VEVRAA cause of action) (collecting cases); *Webb v. Smart*

*Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) (no private cause of action under HIPAA); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994) (no private cause of action under OSHA). Heintz has provided no meaningful argument defending the position that these claims can proceed. Thus, the claims against the Individual Defendants are dismissed with leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

## III. CONCLUSION

The motion to dismiss at Docket 20 is **GRANTED** in part, and the claims against Individual Defendants are dismissed with leave to amend the complaint. The amended complaint is due on or before **November 23, 2026**. The amended complaint must comply with all applicable rules, including Civil Rules 8 and 10. Heintz is advised to take seriously the arguments made by the Individual Defendants in their reply brief.

IT IS SO ORDERED.

DATED November 9, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge